VAN HOOK, APPELLEE, *v.* VAN HOOK, APPELLANT.

(No. 12132—Decided October 30, 1985.)

*Bernard I. Rosen,* for appellee.
*James B. Chapman,* for appellant.

BAIRD, J. This cause came on before the court upon the appeal of the father, Gregory L. Van Hook, from the decision

and journal entry of the domestic relations court denying his motion for change of custody. We vacate and remand.

The parties to this action were granted a decree of dissolution of marriage on February 28, 1978. Custody of the two children born as issue of the marriage, Kelly, age five, and James, age one, was granted to the mother, Christine A. Van Hook.

Christine married Conrad Amicarelli in 1979. Christine and Conrad remained in the Akron area. Gregory and his new wife, Linda, moved to Florida.

In April 1984, Gregory returned to Akron due to receipt of notice of a hearing in the Summit County Juvenile Court concerning allegations of abuse and neglect affecting his daughter Kelly, then age ten.

It was learned that Kelly had been the victim of sexual abuse by her stepfather, Conrad Amicarelli, for a period of approximately five years. This abuse came to light when Kelly related the incidents to her mother. Christine then sent Kelly to school and called Conrad home from work to confront him with Kelly's accusation. Following Conrad's acknowledgement of the truth of the accusation, Christine arranged for Conrad, Christine and Kelly all to sit down and discuss what had happened. Thereafter, Christine spoke with Dr. May, a psychologist, concerning what had occurred. Dr. May reported the incident to the Children's Services Board on March 22, 1983. On March 23, 1983, a representative from the Children's Services Board and a city of Stow police officer visited the Amicarelli home. Kelly and her mother were taken to the Stow police station where Kelly made a taped statement describing the abuse by her stepfather. Thereafter, the officer returned to the Amicarelli home and ordered Conrad to vacate the residence.

Gregory filed a motion for change of custody seeking custody of Kelly and James. An emergency change of custody order was entered on May 23, 1984. At the time the emergency order was entered, the stepfather had been removed from the home and indicted.

On June 4, 1984, the domestic relations court transferred the case to the juvenile division of the court of common pleas. Following a review of the record and conference with counsel for both parties, the juvenile court transferred the case back to the domestic relations division without comment.

A hearing was then held before another referee who recommended that custody be changed to the father. An objection to this recommendation was filed on behalf of Christine. Following oral argument on the objections, the court ordered a second hearing to be held in front of another referee. The trial court ordered that only evidence pertaining to the conditions as they existed as of May 22, 1984, the time the original custody order was filed, would be considered. Again, the referee recommended that custody be changed to the father.

Objections were filed to the referee's recommendations on behalf of the mother. Counsel for the father responded to the objections filed. Following oral argument on the objections, the trial court sustained the mother's objections. Upon a request for findings of fact and conclusions of law made by counsel for the father pursuant to Civ. R. 52, the trial court issued findings of fact and conclusions of law. Pertinent is the court's conclusion:

"4. The burden of proof falls upon the defendant and the Court has hereby determined that defendant has failed to sustain his burden of proof in setting forth that the actions and conduct of the plaintiff would constitute a violation or a dereliction as set forth in Ohio Revised Code Section 3109.04. Further, the defendant has failed, on his burden of proof, to prove that the present environment endangers the physical, mental, or

moral well-being of the child as set forth in the Revised Code."

From the order of the trial court sustaining the mother's objection, the father appeals, assigning as error:

"1. The court's order dated the 13th day of March, 1985 sustaining the appellee's objection to the finding of the referee on January 22, 1985 was against the manifest weight of the evidence.

"2. The court's restriction of evidence to only those facts occurring prior to May 22, 1985 [sic] contravenes O.R.C. 3109.04(C)(2), (3) and (4).

"3. The refusal of the court to consider facts occurring after May 22, 1984 was a gross abuse of discretion and contrary to its previous order dated May 22, 1984, which order required a complete investigation and reports to be made to the court.

"4. The court's finding of fact dated March 26, 1985 contains facts occurring after May 22, 1984 and not presented as evidence due to the court's previous orders contained in its hearing on December 28, 1984 restricting evidence to only those facts existing on or before May 22, 1984.

"5. The court's failure to sustain the referee's finding dated January 22, 1985 directly contradicted its previous order dated May 22, 1984 based relatively upon the same evidence.

"6. The court usurped the statutory provisions of 3109.04(B) by ordering an evidentiary hearing held January 22, 1985 which was subsequent to the previous decree granting custody of the children to the appellant when there was no change of circumstances occurring since the date of the court's custodial decree dated May 22, 1984."

It was error for the trial court to restrict evidence to only those facts occurring prior to May 22, 1984. While it is normally within the sound discretion of the trial court to restrict evidence to that relevant to the issue before the court, the restriction imposed by the trial court in this instance is overly broad and works to exclude relevant evidence.

The custody of children of divorced parents is governed by R.C. 3109.04 which provides, inter alia, as follows:

"* * *

"(B)(1) Except as provided in division (B)(2) of this section, the court shall not modify a prior custody decree unless it finds, based on facts that have arisen since the prior decree or that were unknown to the court at the time of the prior decree, that a change has occurred in the circumstances of the child, his custodian, or either joint custodian, and that the modification is necessary to serve the best interest of the child. In applying these standards, the court shall retain the custodian or both of the joint custodians designated by the prior decree, unless one of the following applies:

"(a) The custodian or both joint custodians agree to a change in custody.

"(b) The child, with the consent of the custodian or of both joint custodians, has been integrated into the family of the person seeking custody.

"(c) The child's present environment endangers significantly his physical health or his mental, moral, or emotional development and the harm likely to be caused by a change of environment is outweighed by the advantages of the change of environment to the child. * * *"

R.C. 3109.04(B)(1)(c) focuses on the effect of the child's "present environment" on his development. The trial court's duty was to consider the environment that the mother would have provided the children if they had been with her rather than with their father at the time of the hearing. Wyss v. Wyss (1982), 3 Ohio App. 3d 412.

It is presumed that the purpose behind the trial court's order was to avoid evidence of the integration of the children into their father's household as

a result of the temporary change of custody granted to the father on May 22, 1984. While the purpose is correct, the question of integration being irrelevant because it was not done with the mother's consent, the effect of the court's order was to exclude relevant as well as irrelevant evidence.

Evidence relating to the physical, emotional, and mental well-being of the mother and the children after May 22, 1984 is relevant to the determination of the effect of the children's "present" environment on their physical health or mental, moral, or emotional development should custody be retained in the mother.

The report of the investigator for the state of Florida Department of Health and Rehabilitative Services, excluded by the trial court, indicated that it would be detrimental to Kelly for her to return to her mother's home due to problems in the relationship between Kelly and her mother and Kelly's fear that her mother cannot provide her with adequate protection.

It is the "present environment" of the mother's home to which the children will be returning which is to be the focus of the court's attention. Evidence concerning interaction between the natural father and the stepmother and the children is relevant under R.C. 3109.04(C)(3)[1] and in determining the potential harm likely to be caused by a change of environment (R.C. 3109.04 [B][1][c]). It is therefore imperative that the trial court consider the circumstances of the parties at the time of the hearing. The trial court's refusal to do so was error prejudicial to the appellant. Appellant's assignments of error two and three are well-taken. Because of our disposition of the second and third assignments of error, the matters raised in the other assignments of error are not prejudicial and are, therefore, overruled.

For the foregoing reasons, the judgment of the trial court is vacated and this cause is remanded to the trial court for an evidentiary hearing and further proceedings consistent with the law and this opinion.

*Judgment vacated and cause remanded.*

MAHONEY, J., concurs.

GEORGE, P.J., concurs separately.

GEORGE, P.J., concurring. In determining the best interest of a child, the court in a custody matter is instructed by R.C. 3109.04(C) to consider "all relevant factors." Surely, evidence concerning a child's circumstances and conditions right up to the time of the hearing is potentially relevant and should be excluded only upon a specific showing of irrelevance. A blanket order excluding evidence of conditions after a certain date is arbitrary and contrary to the intent of the statute.

---

[1] The factors to be considered in determining what the best interest of a child is are set forth at R.C. 3109.04(C) which states:

"(C) In determining the best interest of a child pursuant to this section, whether on an original award of custody or modification of custody, the court shall consider all relevant factors, including:

"(1) The wishes of the child's parents regarding his custody;

"(2) The wishes of the child regarding his custody if he is eleven years of age or older;

"(3) The child's interaction and interrelationship with his parents, siblings, and any other person who may significantly affect the child's best interest;

"(4) The child's adjustment to his home, school, and community;

"(5) The mental and physical health of all persons involved in the situation."